Gary L. GREGORY, Plaintiff,

v.

UNION PACIFIC RAILROAD COMPANY, Defendant.

No. CV-S-86-0059-PMP.

United States District Court, D. Nevada.

Nov. 24, 1987.

2. Plaintiff, in its prayer, changed the interest rate from 15% to 13% on the amount owing.

Jerome Ringler, Michael Nebenzahl, Fogel, Rothschild, Feldman & Oftrov, Los Angeles, Cal., for plaintiff.

James Pico, Miles, Pico & Mitchell, Las Vegas, Nev., for defendant.

PRO, District Judge.

This action was commenced, and the jurisdiction of the Court is properly invoked, under the provisions of the Federal Employers' Liability Act ("FELA"), 45 U.S.C. § 51, et seq. Throughout the period relevant to this action, Plaintiff GARY L. GREGORY ("GREGORY") was an employee of Defendant UNION PACIFIC RAILROAD COMPANY ("UNION PACIFIC"). In his Complaint filed in California on April 1, 1985, and subsequently filed in United States District Court in Nevada on January 27, 1986 (# 1), as amended on August 21, 1987 (# 37), GREGORY alleges, *inter alia,* that he sustained a compensable work-related injury on September 17, 1981, during the course of his employment.

UNION PACIFIC filed a Motion for Partial Summary Judgment on June 24, 1987 (# 27), in which it claims that GREGORY's first cause of action for the injuries he sustained on September 17, 1981, is time-barred under the three-year statute of limitations contained in FELA at 45 U.S.C. § 56. On August 26, 1987, GREGORY filed a Memorandum of Points and Authorities in Opposition to Defendant's Motion for Partial Summary Judgment (# 38). UNION PACIFIC filed a Memorandum of Points and Authorities in Reply on September 8, 1987 (# 39). A hearing at which the Court considered oral argument from counsel representing both parties was held on October 30, 1987, pursuant to Local Rule 140–9.

### FACTUAL BACKGROUND

GREGORY had been employed by UNION PACIFIC since November 1977. On September 17, 1981, during the course of his employment as head brakeman, GREGORY was injured as the train in which he was riding was proceeding through Sloan Pass, Nevada. GREGORY asserts that a defective PCS valve caused the lead locomotive to suddenly set its brakes as he was descending the steps from the brakeman's seat toward the ice box area. As a result of his loss of balance, GREGORY fell from the steps and injured his left elbow. On the following day, he was examined at the Valley Hospital Emergency Room, at which time he was informed that his injury was not serious.

Later that year, GREGORY was examined by another physician who reiterated the initial conclusion of the emergency room staff at Valley Hospital that his left elbow had not sustained serious injury. In March 1985, GREGORY injured his right arm during the course of a work-related accident. Following this accident, GREGORY was treated by a third physician who examined both of his arms and concluded that his left elbow had, in fact, sustained more serious injury than had been previously diagnosed. Having been made aware of the significance of his injury, GREGORY filed a Complaint (# 1), the first cause of action of which underlies the instant action before.

### STANDARD FOR GRANT OF SUMMARY JUDGMENT

UNION PACIFIC asserts that there are no genuine issues of material fact as to the first cause of action contained in GREGORY's Complaint, as amended. Pursuant to Rule 56 of the Federal Rules of Civil Procedure ("FRCP"), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The party moving for summary judgment has the initial burden of showing the absence of a genuine issue of material fact. See *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970); *Zoslaw v. MCA Distributing Corp.,* 693 F.2d 870, 883 (9th Cir.1982). However, this does not require that the moving party support its motion with affidavits or other similar materials

negating the opponent's claim. See *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986).

Once the movant's burden is met by presenting evidence which, if uncontroverted, would entitle the movant to a directed verdict at trial, the burden then shifts to the respondent to set forth specific facts demonstrating that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 2511, 91 L.Ed. 2d 202 (1986). A material issue of fact is one that affects the outcome of the litigation and requires a trial to resolve the differing versions of the truth. See *Admiralty Fund v. Hugh Johnson & Co.,* 677 F.2d 1301, 1305–06 (9th Cir.1982); *Admiralty Fund v. Jones,* 677 F.2d 1289, 1293 (9th Cir.1982); *United States v. First National Bank of Circle,* 652 F.2d 882, 887 (9th Cir.1981). All facts and inferences drawn must be viewed in the light most favorable to the responding party, when determining whether a genuine issue of material fact exists for summary judgment purposes. *Poller v. CBS, Inc.,* 368 U.S. 464, 473, 82 S.Ct. 486, 491, 7 L.Ed.2d 458 (1962). After drawing inferences favorable to the respondent, summary judgment will be granted only if all reasonable inferences defeat the respondent's claims. *Admiralty Fund v. Tabor.,* 677 F.2d 1297, 1298 (9th Cir.1982). Applying these legal principles, the Court concludes, for reasons discussed below, that UNION PACIFIC's Motion for Partial Summary Judgment must be granted as to the first cause of action contained in GREGORY's Complaint.

### GREGORY'S FIRST CAUSE OF ACTION ACCRUED AS OF DATE OF INJURY

Section 6 of the FELA provides in pertinent part:

No action shall be maintained under this chapter unless commenced within three years from the day the cause of action accrued. 45 U.S.C. § 56 (1976).

UNION PACIFIC asserts that GREGORY's first cause of action accrued early enough to bar recovery. Specifically, UN-ION PACIFIC compares the date on which GREGORY sustained the injury to his left elbow (September 17, 1981), to the date on which he initially filed his Complaint in California (April 1, 1985). This comparison demonstrates that more than four years elapsed between the date of the injury and the filing of the Complaint. The issue of law for the Court to resolve is the appropriate standard to employ for determining when a cause of action accrues under FELA.

It is widely accepted that a cause of action for a tort accrues when there has been an invasion of the plaintiff's legally protected interest. In other words, a statute of limitations begins to run at the time of the tortious act. See *DuBose v. Kansas City Southern Railway,* 729 F.2d 1026, 1028 (5th Cir.1984), *cert. denied,* 469 U.S. 854, 105 S.Ct. 179, 83 L.Ed.2d 113 (1984), (citing Restatement (Second) of Torts § 899, comments c & e (1977)). In *Albertson v. T.J. Stevenson & Co., Inc.,* 749 F.2d 223 (5th Cir.1984), the Fifth Circuit commented upon its earlier decision in *DuBose* to distinguish between two categories of cases in which a cause of action is deemed to accrue at different times. The discussion contained in *Albertson* provides a useful framework from which the Court will determine the appropriate standard to employ in its determination of whether GREGORY's first cause of action is barred by the statute of limitations contained in FELA.

In *Albertson,* the court noted that in certain instances, the injured party may not realize that a tort has been committed upon his person, since he may sustain a latent injury which either is not or cannot be discovered until long after the tortious act that caused the injury has occurred and after the applicable statute of limitations otherwise would have run. In such cases, courts have developed the "discovery rule" to mitigate the harshness of applying statutes of limitations strictly in cases involving medical malpractice, occupational diseases, product liability, and other types of latent injuries.[1]

---

**1.** The Fifth Circuit quoted from its previous    decision in *DuBose,* which, in turn, relied on the

■ In the instant case, however, GREGORY was fully aware of the fact of his injury when he fell and landed on his left elbow. Moreover, he knew that the setting of the train's brakes caused him to lose his balance and fall. Following his initial medical examination, he knew that he had sustained some injury, albeit the full extent was apparently not clear at the time. Nevertheless, within the three-year period provided for by FELA, GREGORY had a reasonable opportunity to determine the full extent of his injury. The Court, therefore, finds GREGORY's first cause of action to be similar to the situation considered in *Albertson*, which the Fifth Circuit characterized as a "traumatic event/latent manifestation" case [2] and therefore applied the "time of event" rule in its determination of the cause of action's accrual.

Consequently, since the traumatic event (GREGORY's slip and fall) coincided with a discernable injury (pain in left elbow), the Court must apply the time of event rule and hold that GREGORY's first cause of action is time-barred by the statute of limitations contained in FELA. In *Albertson*, the Fifth Circuit's decision includes an illuminating discussion of the rationale supporting the application of the time of event rule, which is germane to the Court's application of the rule:

> Application of the time of event rule, rather than the discovery rule, reflects the collective legislative and judicial judgment that *a plaintiff possessing knowledge of the critical facts of his injury and its cause* has the *duty to comply* with the applicable statute of limitations and make the defendant aware that he will pursue a claim against it. A plaintiff armed with these facts cannot argue persuasively that the time of event rule offends notions fair play

and substantial justice, *even though he is unaware of all of the facts* related to his injury of its cause. Indeed, in *Urie [v. Thompson]*, the Supreme Court implied that a plaintiff possessing "notice of the invasion of [his] legal rights" could not avail himself of the discovery rule, since the time of event rule adequately protected the plaintiff's legal interest and rights. 337 U.S. [163] at 170, 69 S.Ct. [1018] at 1024 [93 L.Ed. 1282 (1949) ]. (Emphasis added), 749 F.2d 223, 232.

The Ninth Circuit is in accord with the Fifth Circuit with regard to the application of the time of event rule, as indicated by *Davis v. United States*, 642 F.2d 328 (9th Cir.1981), *cert. denied*, 455 U.S. 919, 102 S.Ct. 1273, 71 L.Ed.2d 459. In *Davis*, the Plaintiff sustained injury following his vaccination pursuant to a Government administered health program. The Ninth Circuit applied the standard set forth by the Supreme Court in *Kubrick*, cited *supra*, (ftnt. 1), in limiting the application of the discovery rule to cases in which the plaintiff could not reasonably be expected to discover the sequence of events which led to his injury.

The Court must follow the Ninth Circuit's holding with regard to its refusal to toll the statute of limitations until such time as the plaintiff completes an investigation. Accordingly, the *Davis* decision is quoted as follows:

> With knowledge of the fact of injury and its cause the malpractice plaintiff is on the same footing as any negligence plaintiff. The burden is then on plaintiff to ascertain the existence and source of fault within the statutory period. It follows that diligence or lack of diligence in these efforts is irrelevant. *In the ab-*

---

Supreme Court decision in *United States v. Kubrick*, 444 U.S. 111, 100 S.Ct. 352, 359, 62 L.Ed.2d 259 (1979), which held in pertinent part that, "the discovery rule ... should be applied in federal cases whenever a plaintiff is not aware of and has [had] no reasonable opportunity to discover the *critical facts* of his injury and its cause." 729 F.2d 1026, 1030 (emphasis added).

**2.** The Fifth Circuit provided a succinct definition as follows: "A traumatic event/latent manifestation case is one in which the plaintiff has sustained both immediate and latent injuries caused by a noticeable, traumatic occurrence. At the time of the traumatic event, the plaintiff realizes both that he is injured and what is responsible for causing the injury. The full extent of the harm, however, has not become manifest." 749 F.2d 223, 231.

*sence of fraudulent concealment it is plaintiff's burden, within the statutory period, to determine whether and whom to sue.* Kubrick makes this plain. Once a plaintiff knows that harm has been done to him, he must, the Court states, "determine within the period of limitations whether to sue or not, which is precisely the judgment that other tort claimants must make. If he fails to bring suit because he is incompetently or mistakenly told that he does not have a case, we discern *no sound reason for* visiting the consequences of such error on the defendant by *delaying the accrual of the claim until the plaintiff is otherwise informed or himself determines to bring suit,* even though more than two years have passed from the plaintiff's discovery of the relevant facts about injury." (citing *United States v. Kubrick,* cited *supra,* 100 S.Ct. at 360, emphasis added), 642 F.2d 328, 331.

## PHYSICIANS NOT AGENTS OF UNION PACIFIC STATUTE OF LIMITATIONS NOT TOLLED BY EQUITABLE ESTOPPEL

In his Memorandum of Points and Authorities in Opposition to Defendant's Motion for Partial Summary Judgment (# 38), GREGORY does not dispute UNION PACIFIC's contention that the time of event rule should be applied. Instead, GREGORY contends that the failure of the Valley Hospital emergency room staff as well as Dr. Litton, the physician who examined him in March 1982, to fully apprise him of the gravity of his injury, is attributable to UNION PACIFIC. The gravamen of this contention is that the physicians consulted by GREGORY were, in fact, acting as UNION PACIFIC's agents. Pursuing this line of argument, GREGORY asserts that the doctrine of equitable estoppel tolls the statute of limitations as to his first cause of action.

For the reasons discussed *infra,* the Court cannot agree.

■ A defendant-employer will be estopped from raising the defense of the statute of limitations on equitable grounds only when the defendant or its agent, through fraud or misrepresentation, caused the plaintiff's failure to bring suit in a timely fashion. This principle has been enunciated by the Supreme Court in *Glus v. Brooklyn Eastern Distr. Terminal,* 359 U.S. 231, 79 S.Ct. 760, 761–62, 3 L.Ed.2d 770 (1959), and grounded on the general equitable principle that "no man may take advantage of his own wrong." Hence, a defendant-employee may not avail itself of the statute of limitations if its own wrongdoing (or that of its agent) has prevented a plaintiff-employee from filing a claim in a timely manner.[3]

■ By citing the statute of limitations contained in FELA, UNION PACIFIC has established a *prima facie* case to bar GREGORY's first cause of action. Consequently, GREGORY bears the burden of establishing material facts which, if true, would estop UNION PACIFIC's assertion of the statute of limitations as a matter of law. See *Holified v. Cities Service Tanker Corp.,* 421 F.Supp. 131, 135 (1976). GREGORY has failed to meet this burden. Instead, GREGORY cites several cases in which the defendant-employer, through its agent (i.e., a physician acting on the employer's behalf), has misrepresented a plaintiff-employee as to the nature or extent of his injury, thereby inducing his failure to bring suit within the three-year period provided by in FELA actions.[4] Furthermore, in his Declaration, GREGORY states that,

Pursuant to Union Pacific Railroad Company policies, benefits, and procedure, following the incident of September 17, 1981, I proceeded to Valley Hospital emergency room.... Shortly thereafter, I visited yet a second health care provid-

---

3. Moreover, in such cases misrepresentation by the defendant or its agent need not be fraudulent or intentional, provided it misleads the plaintiff to the extent he fails to bring suit within the statutory period. See *Mumpower v. So. Rwy. Co.,* 270 F.Supp. 318 (W.D.Va 1967).

4. See *Louisville & Nashville R. Co. Disspain,* 275 F.2d 25 (6th Cir.1960); *Mumpower v. So. Rwy. Co.,* 270 F.Supp. 318 (W.D.Va 1967).

er made available to me through my benefits as a result of my employment with Union Pacific Railroad Company.... (# 38, pp. 11–12).

In contrast to the cases cited by GREGORY, the record before the Court establishes that UNION PACIFIC did not send GREGORY to a UNION PACIFIC physician or to a physician acting on its behalf, at any time following the September 17, 1981 accident. With respect to GREGORY's Declaration, the fact that the medical insurance benefits provided to UNION PACIFIC employees provides for reimbursement of incurred medical costs cannot be construed as creating an agency relationship between UNION PACIFIC and any and all health care providers consulted by GREGORY, even those which may have been recommended by UNION PACIFIC.

Consequently, the Court must reject GREGORY's notion that by providing its employees with comprehensive health insurance benefits, UNION PACIFIC assumes the professional liabilities incurred by any and all health care providers who examine and treat its employees.

## CONCLUSION

The Court finds that there is no genuine issue as to any material fact regarding GREGORY's failure to bring his Complaint within three years of the date of his initial injury. GREGORY sustained an injury to his left elbow on September 17, 1981, and first filed his Complaint against UNION PACIFIC on April 1, 1985. In the absence of any misrepresentation by UNION PACIFIC or an agent thereof, GREGORY's first cause of action is deemed to accrue as of the date on which the accident which caused the injury occurred. Based on the record and following oral argument, this Court concludes as a matter of law, that the physicians who examined and diagnosed GREGORY's injury were not acting as agents of UNION PACIFIC. The doctrine of equitable estoppel, therefore, will not toll the statute of limitations so as to allow GREGORY to bring his first cause of action before the Court. Consequently, UNION PACIFIC has established a *prima*

*facie* case, pursuant to 45 U.S.C. § 56, that GREGORY's first cause of action is barred by the three-year statute of limitations.

IT IS THEREFORE ORDERED that UNION PACIFIC's Motion for Partial Summary Judgment is granted.

IT IS FURTHER ORDERED that GREGORY's first cause of action for injuries sustained on September 17, 1981, is dismissed with prejudice.