Charlene Slind **ERICKSON**, individually and on Behalf of the North Dakota Workers Compensation Bureau, Plaintiff and Appellant,

v.

**SCOTSMAN, INC.,** Defendant and Appellee.

Civ. No. 890381.

Supreme Court of North Dakota.

June 1, 1990.

Robert W. Martin of Weiss, Wright, Paulson & Merrick, Jamestown, for plaintiff and appellant.

Armond G. Erickson and LaDonne R. Vik (argued) of Serkland, Lundberg, Erickson, Marcil & McLean, Ltd., Fargo, for defendant and appellee.

VANDE WALLE, Justice.

Charlene Slind Erickson appealed from a summary judgment granted by the district court in favor of Scotsman, Inc., holding that her cause of action was barred by the statute of limitations. Erickson contends that the statute of limitations should have been tolled until she was aware of the full extent of her injuries. We affirm.

Erickson was employed by a restaurant in Jamestown, North Dakota. While working at the restaurant on May 31, 1982, Erickson slipped and fell in a pool of water that had formed at the base of an ice machine manufactured by Scotsman, Inc. The fall resulted in torn ligaments in Erickson's right ankle requiring physicians to place the ankle in a cast. On June 7, 1982, Erickson applied for and received worker's compensation benefits as a result of the injury.[1]

In May of 1983, Erickson sought medical treatment because she began to experience, for the first time, blood-clotting problems in her right leg. Further ailments, including additional clotting, surfaced in her right leg thereafter. By August of 1985, Erickson was hospitalized in order to have steroid blocks placed in her spine in an attempt to alleviate the ongoing difficulties in her right leg. However, new circulatory problems continued to appear requiring further medical treatment up to December of 1988.

On December 14, 1988, approximately six years and six and one-half months after her fall, Erickson served Scotsman, Inc., with a summons and complaint. Erickson's complaint alleged that Scotsman's ice machine was designed and manufactured in a defective condition causing a pool of water to form about the machine, and that on May 31, 1982, she slipped in the pool of water surrounding the ice machine injuring her right ankle. The complaint further alleged that there was continued pain in Erickson's right ankle and that she had suffered permanent-partial impairment in her right leg. Scotsman interposed an answer which denied Erickson's allegations and set forth, as an affirmative defense, that Erickson's cause of action was barred under North Dakota's applicable statute of limitations.

During her subsequent deposition, Erickson testified that she knew she incurred an injury to her right ankle on May 31, 1982, and that the injury was allegedly caused by water produced from Scotsman's ice machine. Erickson also testified as to the clotting and circulatory problems that eventually developed in her right leg over the passage of time. Finally, Erickson testified that she had been diagnosed as having phlebitis and reflex sympathetic dystrophy syndrome.

Relying upon Erickson's deposition testimony that she knew of her injury and its alleged cause on May 31, 1982, Scotsman moved the district court for a summary judgment contending that, as a matter of law, Erickson's claim was barred under the

---

1. The North Dakota Workers Compensation Bureau accepted liability and paid Erickson medical expenses and disability benefits from May 31, 1982 through September 28, 1982 and from October 18, 1982 through October 23, 1982. Additional disability benefits were paid by the Bureau from July 9, 1983 through February 29, 1984. To resolve her claims with the Bureau, Erickson signed a settlement agreement on November 4, 1985.

six-year statute of limitation of NDCC § 28–01–16(5). Referring only to her deposition testimony, Erickson opposed Scotsman's motion arguing that while her initial injury occurred on May 31, 1982, the extent of her leg ailments were not discoverable except through the passage of time, and that the six-year statute of limitations should have begun to run in May of 1983 when she was first able to discover her clotting and circulatory problems.[2] The trial court granted summary judgment in favor of Scotsman concluding that Erickson's cause of action was barred by the statute of limitations.

On appeal, Erickson contends the trial court erred in applying the statute of limitations to bar her product-liability claim.

A party is entitled to summary judgment if there is no genuine issue as to any material fact and the party is entitled to judgment as a matter of law. NDRCivP 56(c). In this case, Erickson's complaint alleges a cause of action against Scotsman for strict liability in tort. NDCC § 28–01–16 provides in part:

"The following actions must be commenced within six years after the cause of action has accrued:

. . . . .

5. An action for criminal conversation or for any other injury to the person or rights of another not arising upon contract, when not otherwise expressly provided;

. . . . ."

Product-liability tort actions, whether based upon negligence or strict-liability theory, must be brought within the six-year statute of limitations of NDCC § 28–01–16(5). *Hulne v. International Harvester Co.*, 322 N.W.2d 474 (N.D.1982). The purpose of a statute of limitation is to prevent "plaintiffs from sleeping on their legal rights to the detriment of the defen-

dants." *Hanson v. Williams County*, 389 N.W.2d 319, 321 (N.D.1986); Dickson, *Products Liability Act*, 59 N.D.L.Rev. 551, 556 (1983). Thus, statutes of limitation are designed to prevent the plaintiff's enforcement of stale claims when, through the lapse of time, evidence regarding the claim has become difficult to procure or even lost entirely. *State v. Halverson*, 69 N.D. 225, 285 N.W. 292 (1939).

■ With regard to the commencement of the limitations period in a products-liability action, "the general rule is that the cause of action accrues at the time of injury" when such actions are grounded upon negligence or strict liability. 4 American Law of Products Liability 3d, *Limitations of Actions* § 47:16 (1987). Under this general rule, when there is a preceptible personal injury caused by an accident or trauma, the statute of limitations starts to run at the time of the injury. *Id.* at § 47:21. *Accord* 2A Frumer & Friedman, *Products Liability* §§ 12.02[2], 12.04[4] (1988) [same principles regarding the commencement of a limitations period apply to strict-liability and negligence claims; the general rule in products-liability cases is that where the plaintiff's injuries are caused by an accident or trauma, the action accrues at the time of the injury]. An injury usually arises contemporaneously with the wrongful act causing the injury. *Keller v. Clark Equipment Co.*, 474 F.Supp. 966 (D.N.D. 1979), *aff'd*, 715 F.2d 1280 (8th Cir.1983), *cert. denied*, 464 U.S. 1044, 104 S.Ct. 713, 79 L.Ed.2d 176 (1984).

But, not all product liability cases involve perceptible injuries resulting from an accident with a product. Frequently, people use or are exposed to a product that causes a latent injury which does not manifest itself except through the passage of time. Typical examples include actions involving asbestos, drugs, and medical products. In

---

**2.** In opposing the motion, Erickson submitted no medical evidence to the district court, in the form of an affidavit by a physician or otherwise, to demonstrate that Erickson would have been incapable of recognizing the full extent of her injuries at the time of her initial ankle injury on May 31, 1982. *Compare White v. N.D. Workers Comp. Bureau*, 441 N.W.2d 908 (N.D.1989) [for purposes of workers compensation statute, time for filing claim began when doctor informed claimant that his back injury was linked to fall at work, rather than from date of fall, where the diagnosis of the physician who saw claimant immediately after the fall was that claimant's back pain was the result of arthritis consistent with his age].

these types of product-liability cases, the "application of the time of injury rule may harshly result in barring a plaintiff's claim before the plaintiff is even aware of having been injured." 4 American Law of Products Liability 3d, *Statutes of Limitation* § 47:21 (1987). In response to such cases, courts have adopted and applied a "discovery rule" under which "the limitations period begins to run when the plaintiff discovers or reasonably should have discovered the injury." *Id. Accord* 2A Frumer & Friedman, *Products Liability* §§ 12.02[3], 12.04[4] (1988) [same principles regarding the commencement of a limitations period apply to strict-liability and negligence claims; where a product causes an injury which does not manifest itself after the exposure to or use of the product, the statute of limitations does not begin to run until the injured person discovers, or reasonably should have discovered, the injury and its causal connection]. The use of a "discovery rule" mitigates the harshness of the "time of injury rule" in those actions which involve latent injuries caused by the use of a product.

In the instant case, Erickson acknowledged that she suffered torn ligaments in her right ankle on May 31, 1982, as a result of slip and fall from water surrounding Scotsman's ice machine. Nevertheless, Erickson argues that this Court should apply a discovery rule to allow her to pursue her claim, contending that she did not actually know the full extent of her injuries until blood clotting began to surface in her right leg in May of 1983.

However, in similar situations the courts of other jurisdictions have refused to apply the "discovery rule" to allow a plaintiff to pursue his or her claim. A good exposition of the rationale for not applying the discovery rule is found in *Gregory v. Union Pacific R. Co.*, 673 F.Supp. 1544 (D.Nev. 1987). Gregory, a railroad brakeman, fell from the steps of a train and injured his left elbow on September 17, 1981. The injury required treatment in the emergency room of a hospital. At that time, Gregory was informed by doctors that the injury was not very serious. After undergoing an examination in March of 1985, Gregory learned that the injury to his left elbow was, in fact, more serious than previously diagnosed. He subsequently filed a complaint on April 1, 1985, asserting that a defective valve caused the locomotive to suddenly set its brakes resulting in his fall from the steps. The defendant, Union Pacific, moved the trial court for a summary judgment claiming that Gregory's action was barred by an applicable three-year statute of limitation.

After recognizing the general rule that a cause of action accrues when a plaintiff suffers an injury due to a tortious act of the defendant, the court also noted that:

"[I]n certain instances, the injured party may not realize that a tort has been committed upon his person, since he may sustain a latent injury which either is not or cannot be discovered until long after the tortious act that caused the injury has occurred.... In such cases, courts have developed the 'discovery rule' to mitigate the harshness of applying statutes of limitations strictly in cases involving ... product liability, and other types of latent injuries." *Gregory v. Union Pacific R. Co.*, 673 F.Supp. at 1546.

With these two rules at hand, the court characterized Gregory's fall as a "traumatic event" or accident, and therefore applied the "time of event" rule to determine when his cause of action accrued. *Id.* at 1547. The court found that on September 17, 1981: "Gregory was fully aware of the fact of his injury when he fell and landed on his left elbow ... albeit the full extent [of the injury] was apparently not clear at the time. Nevertheless, within the three-year [limitation] period ..., Gregory had a reasonable opportunity to determine the full extent of his injury." *Id.* The district court observed that:

"Application of the time of event rule, rather than the discovery rule, reflects the ... judicial judgment that a plaintiff possessing knowledge of the critical facts of his injury and its cause has the duty to comply with the applicable statute of limitations and make the defendant aware that he will pursue a claim against it. A plaintiff armed with these

facts cannot argue persuasively that the time of event rule offends notions [of] fair play and substantial justice, even though he is unaware of all of the facts related to his injury [or] its cause. Indeed, in *Urie* [*v. Thompson*], the Supreme Court implied that a plaintiff possessing 'notice of the invasion of [his] legal rights' could not avail himself of the discovery rule, since the time of event rule adequately protected the plaintiff's legal interest and rights. 337 U.S. [163] at 170, 69 S.Ct. [1018] at 1024 [93 L.Ed. 1282 (1949) ]." *Id.* [citing *Albertson v. T.J. Stevenson & Co., Inc.*, 749 F.2d 223 (5th Cir.1984) ].

Accordingly, the court granted Union Pacific summary judgment, concluding that Gregory's claim was barred by the statute of limitations even though he did not know the full extent of the damage to his elbow at the time of the initial injury. *See also Rowe v. John Deere,* 130 N.H. 18, 533 A.2d 375 (1987) [plaintiff's injury sustained at the time of an accident with a manure spreader, even if spreader caused damages which could be characterized as nominal, was sufficient to notify plaintiff that his rights had been violated and, therefore, the statute of limitations should not be tolled by the discovery rule until the full extent of the injuries were discovered; taken to its logical extreme, plaintiff's proposed extension of the discovery rule to such facts could lead a cause of action to accrue at an infinite number of years after the precipitating event].

 We agree with the rationale of the *Gregory* and *Rowe* decisions. In the instant case, it is undisputed that Erickson injured her ankle on May 31, 1982, as a result of a fall in a pool of water formed from Scotsman's ice machine, although the full extent of those injuries were not known at the time. The injury to Erickson's ankle by the accident or trauma, even if it could be characterized as nominal, was sufficient under the "general" or "time of the injury" rule to put her on notice that her rights had been violated, and gave her

a reasonable opportunity to attempt to discover the extent of her injuries in order to assert her claim within the limitation period.[3] We conclude that when a plaintiff is aware of his or her injury, but not the full extent of those injuries, a "discovery rule" should not be applied to toll the statute of limitations. Because Erickson did not commence her product liability action within the six-year statute of limitation of NDCC § 28–01–16, the summary judgment granted by the trial court is affirmed.

ERICKSTAD, C.J., and LEVINE, MESCHKE and GIERKE, JJ., concur.

---

3. Indeed, in May of 1983 when Erickson first discovered the clotting in her right leg resulting from the initial ankle injury, she still had approximately five remaining years under the statute of limitation in which to file her lawsuit, yet, did not do so.