2009 ND 212

**Jeffrey Allen DUNFORD, Plaintiff and Appellant**

v.

**Dr. Trueman E. TRYHUS, Jr., Defendant and Appellee.**

No. 20090178.

Supreme Court of North Dakota.

Dec. 15, 2009.

Rehearing Denied Jan. 12, 2010.

Jeffrey Allen Dunford, self-represented, San Diego, CA, plaintiff and appellant.

Kim E. Brust, Fargo, ND, for defendant and appellee.

CROTHERS, Justice.

[¶ 1]   Jeffrey Dunford appeals the district court's summary judgment to Dr. Trueman Tryhus, Jr. We affirm, concluding the district court did not err in determining Dunford's claim was barred by the statute of limitations.

I

[¶ 2]   Tryhus practiced dentistry in Fargo from 1958 through 1993. Dunford was born in 1954 and became a patient of Tryhus in the mid–1960s. Dunford alleges Tryhus sexually abused him between 1965 and 1969.

[¶ 3]   In 1988, Dunford asked a nonlawyer friend in the Fargo area for information regarding the statute of limitations on sexual abuse claims. Dunford was informed the statute of limitations was two years from the incident of abuse. In the early 1990s, Dunford sent a letter confronting Tryhus about the alleged abuse. The letter informed Tryhus of problems caused by the alleged abuse, and Tryhus acknowledged receiving the letter. At his deposition, Dunford claimed to have vividly remembered the alleged abuse since its occurrence.

[¶ 4]   On March 24, 2006, Dunford met with Dr. Margaret Drew, a clinical psychologist from La Jolla, California. Dr. Drew diagnosed Dunford with post-traumatic stress disorder, but no further counseling was undertaken. Dunford commenced this action on February 28, 2008, and Tryhus moved for summary judgment on February 13, 2009, asserting Dunford's claim was barred by the statute of limitations. Following a hearing, the district

court determined Dunford's claim was time-barred and granted summary judgment to Tryhus. Dunford timely filed this appeal.

## II

[¶ 5] The standard of review for summary judgment is well-established, and this Court has explained:

"Summary judgment is a procedural device for the prompt resolution of a controversy on the merits without a trial if there are no genuine issues of material fact or inferences that reasonably can be drawn from the undisputed facts, or if the only issues to be resolved are questions of law. *Johnson v. Nodak Mut. Ins. Co.*, 2005 ND 112, ¶ 9, 699 N.W.2d 45. A party moving for summary judgment must show there are no genuine issues of material fact and the case is appropriate for judgment as a matter of law. *Green v. Mid Dakota Clinic*, 2004 ND 12, ¶ 5, 673 N.W.2d 257. On appeal, we view the evidence in the light most favorable to the opposing party, and that party must be given the benefit of all favorable inferences. *Ruggles v. Sabe*, 2003 ND 159, ¶ 2, 670 N.W.2d 356. We review a district court's decision to grant summary judgment de novo on the entire record. *Fetch v. Quam*, 2001 ND 48, ¶ 8, 623 N.W.2d 357."

*Witzke v. City of Bismarck*, 2006 ND 160, ¶ 7, 718 N.W.2d 586.

### A

[¶ 6] We explained the purpose and characteristics of statutes of limitations in *Tarnavsky v. McKenzie County Grazing Ass'n:*

"Statutes of limitation are designed to prevent plaintiffs from sleeping on their legal rights and bringing stale claims to the detriment of defendants. *See Burr v. Trinity Med. Ctr.*, 492 N.W.2d 904, 910–11 (N.D.1992). Statutes of limitations are a legal bar to a cause of action and begin to run when the underlying cause of action accrues. *Abel v. Allen*, 2002 ND 147, ¶ 10, 651 N.W.2d 635. The determination of when a plaintiff's cause of action has accrued is generally a question of fact, but if there is no dispute about the relevant facts, the determination is for the court. *Id.* at ¶ 11. A cause of action accrues when the right to commence the action comes into existence and can be brought in a court of law without being dismissed for failure to state a claim. *Id.* at ¶ 12. We have recognized statutes of limitation ordinarily began to run from the commission of the wrongful act giving rise to the cause of action, *see BASF Corp. v. Symington*, 512 N.W.2d 692, 695 (N.D.1994), and '[a]n injury usually arises contemporaneously with the wrongful act causing the injury.' *Huber v. Oliver County*, 529 N.W.2d 179, 182 (N.D.1995) (quoting *Erickson v. Scotsman, Inc.*, 456 N.W.2d 535, 537 (N.D.1990))."

2003 ND 117, ¶ 9, 665 N.W.2d 18.

[¶ 7] A claim's statute of limitations begins to run when the underlying cause of action accrues. *Tarnavsky*, 2003 ND 117, ¶ 9, 665 N.W.2d 18. Claims of sexual abuse carry the same two-year statute of limitations as assault and battery claims. *Peterson v. Huso*, 552 N.W.2d 83, 84 (N.D.1996); N.D.C.C. § 28–01–18(1). "However, under Section 28–01–25, N.D.C.C., if a person who is entitled to bring an action is under eighteen years old when the cause of action accrues the period of minority is not part of the time limited for the commencement of the action, and the statutory limitations period can be extended for not more than one year from that person's eighteenth birthday." *Osland v. Osland*, 442 N.W.2d 907, 908 (N.D.1989). Absent another excep-

tion, the statute of limitations required Dunford to commence this action no later than December 1975, two years after his nineteenth birthday.

B

■ [¶ 8] Dunford argues the district court erred in dismissing his case on statute of limitations grounds because he commenced this action within two years of discovering his injury. Dunford claims he did not discover his injury until he was diagnosed with post-traumatic stress disorder in March 2006. Citing the discovery rule, Dunford claims the commencement of his lawsuit in February 2008 was within the two-year statute of limitations for sexual abuse claims because his cause of action did not accrue until March 2006. For the purposes of this case, we assume without deciding that the discovery rule applies.

[¶ 9] We described the discovery rule in *Wells v. First American Bank West*:

"In *Osland v. Osland*, 442 N.W.2d 907, 908 (N.D.1989), this Court said that generally the statute of limitations begins to run from the commission of the wrongful act giving rise to the cause of action. We have also recognized, however, this rule is often harsh and unjust, which is why so many courts have adopted the discovery rule. *Schanilec [v. Grand Forks Clinic, Ltd.*, 1999 ND 165, ¶ 11, 599 N.W.2d 253]. 'The discovery rule is meant to balance the need for prompt assertion of claims against the policy favoring adjudication of claims on the merits and ensuring that a party with a valid claim will be given an opportunity to present it.' *Id.* (citing *Buck v. Miles*, [89 Hawai'i 244] 971 P.2d 717, 722 (1999)). *See also MDU Resources Group v. W.R. Grace and Co.*, 14 F.3d 1274, 1277 (8th Cir.1994) (citing *Wall v. Lewis*, 366 N.W.2d 471, 473 (N.D.1985);

*Iverson v. Lancaster*, 158 N.W.2d 507 (N.D.1968)) ('To determine the point at which any statute of limitations begins to run, North Dakota applies the discovery rule.').

"The discovery rule is an exception to the limitations and, if applicable, determines when the claim accrues for the purpose of computing limitations. The discovery rule postpones a claim's accrual until the plaintiff knew, or with the exercise of reasonable diligence should have known, of the wrongful act and its resulting injury. Courts generally apply the discovery rule when it would have been difficult for the plaintiff to have learned of the negligent act or omission that gave rise to the legal injury. *Bates v. Texas State Technical Coll.*, 983 S.W.2d 821, 828 (Tex.Ct.App.1998)."

1999 ND 170, ¶¶ 9–10, 598 N.W.2d 834.

■ [¶ 10] Dunford testified he has always had vivid memory of the abuse, satisfying the requirement that he be aware of the wrongful act. The remaining issue is when Dunford knew or should have known of the injury he suffered. When Dunford knew or should have known is an objective question, focusing on whether he "has been apprised of facts which would place a reasonable person on notice that a potential claim exists." *Wall v. Lewis*, 393 N.W.2d 758, 761 (N.D.1986). Further, the discovery rule requires only that the plaintiff be aware of an injury; it does not require the plaintiff to know the full extent of the injury. *Erickson v. Scotsman, Inc.*, 456 N.W.2d 535, 539 (N.D.1990) (citing *Gregory v. Union Pacific R. Co.*, 673 F.Supp. 1544, 1547 (D.Nev.1987)).

[¶ 11] Dunford inquired as to the applicable statute of limitations for sexual abuse claims in 1988 and wrote a letter to Tryhus in the early 1990s. Dunford's letter confronted Tryhus and listed problems he was having because of the abuse. Dunford also has experienced nightmares since

he was a child, and he reports that by the mid–1990s he knew the nightmares were caused by the alleged abuse. This evidence establishes Dunford discovered his injury no later than the mid–1990s.

[¶ 12] Drawing all inferences in favor of Dunford, no dispute exists that he discovered his injury in the mid–1990s and that he commenced this action in February 2008. Because Dunford did not file his sexual abuse claim within two years of discovering his injury, the district court did not err in granting Tryhus' motion for summary judgment.

### III

[¶ 13] We affirm, concluding the district court properly granted Tryhus summary judgment on statute of limitations grounds.

[¶ 14] GERALD W. VANDE WALLE, C.J., MARY MUEHLEN MARING, CAROL RONNING KAPSNER, and DALE V. SANDSTROM, JJ., concur.