# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

2019 ND 190

Kelly McCarthy,

Plaintiff, Appellant,
and Cross-Appellee

v.

Ariane Getz, PSYD,

Defendant, Appellee,
and Cross-Appellant

No. 20180418

Appeal from the District Court of Richland County, Southeast Judicial District, the Honorable Bradley A. Cruff, Judge.

AFFIRMED.

Opinion of the Court by McEvers, Justice.

Mark A. Meyer, Wahpeton, ND, for plaintiff, appellant, and cross-appellee.

Charlotte J. Skar Rusch, Fargo, ND, for defendant, appellee, and cross-appellant.

**McEvers, Justice.**

[¶1]    Kelly McCarthy appeals from a district court judgment dismissing her complaint with prejudice.  We affirm, concluding the district court did not err in determining McCarthy's claim was barred by the statute of limitations.


I

[¶2]    On September 23, 2015, McCarthy's daughter died by suicide.  Prior to her death, McCarthy's daughter received psychological counseling from Dr. Ariane Getz for several months beginning on February 23, 2015, for symptoms relating to anxiety and depression. McCarthy's daughter had ten total visits with Dr. Getz, occurring roughly once to twice a month.  McCarthy's daughter was a minor when she was first seen by Dr. Getz, but turned 18 prior to her death.  During the course of her visits with Dr. Getz, McCarthy's daughter expressed self-injurious behavior, anxiety, depression, passive thoughts about suicide, discord with her mother, and inconsistency in taking her medications.  McCarthy's daughter's last visit with Dr. Getz occurred on September 10, 2015.  On September 23, 2015, prior to discovering her daughter's death, McCarthy contacted Dr. Getz to report her daughter missing.  McCarthy requested Dr. Getz put her daughter on a 72-hour hold once located.

[¶3]    On September 22, 2017, one day shy of the two-year anniversary of her daughter's death, McCarthy filed a complaint with the district court.  On November 9, 2017, McCarthy filed a summons and complaint alleging malpractice against Dr. Getz.  On November 14, 2017, the summons and complaint were served on Dr. Getz. Dr. Getz answered and claimed McCarthy's claims were barred by the statute of limitations.  On May 23, 2018, Dr. Getz moved to dismiss the complaint or, in the alternative, for summary judgment, arguing (1) expert testimony on the elements of McCarthy's claim for medical malpractice was not served upon Dr. Getz within three

1

months of commencing suit as required by N.D.C.C. § 28-01-46, and (2) McCarthy's allegations were time-barred by the applicable statute of limitations under N.D.C.C. § 28-01-18(3). McCarthy responded to Dr. Getz's motion. A hearing on Dr. Getz's motion was held where both parties presented oral argument. The court ruled from the bench, stating:

> Here, we have the injury, which is the unfortunate death of her daughter and there was . . I don't know the timing, but it was shortly before that that she was imploring Dr. Getz to do a 72 hour hold. She obviously was involved in her daughter's behavioral health care at the time. Well aware of what's going on. And the objective question is whether the plaintiff has been apprised of facts which would place a reasonable person on notice that a potential claim exists. And, so, I do believe you can only come to one conclusion. It does become a question of law, not fact. And, like I said, I believe the *Long* case is on point and with the death on . . . September 23 of 2015. That's two year statute of limitations, and unfortunately, the law has very harsh results. I'm going to find that the statute of limitations was missed in this case and, as a result, will be dismissed with prejudice.

A written order and judgment were entered thereafter, granting Dr. Getz's motion for summary judgment.

[¶4]    McCarthy's issue on appeal is whether the district court erred as a matter of law in granting the motion for summary judgment based on the statute of limitations. Dr. Getz cross-appeals from the court's judgment, arguing the court erred in deciding the issue of whether there was expert testimony to support the element of causation.


II

[¶5]    We have articulated the standard of review for a similar case as follows:

> Whether a district court properly granted summary judgment is a question of law subject to a *de novo* standard of review on the entire record. Under N.D.R.Civ.P. 56, summary judgment is appropriate if no dispute exists as to the material facts or the reasonable inferences to be drawn from the undisputed facts, or if resolving disputed facts will not change the result and any party is entitled to judgment as a matter of law. The evidence is reviewed in a light most favorable to the opposing party.

2

*Long v. Jaszczak,* 2004 ND 194, ¶ 7, 688 N.W.2d 173 (internal citations omitted).

### III

[¶6]    On appeal, McCarthy argues the statute of limitations began to accrue "much later than the day her daughter died," without identifying a specific time that her claim accrued.

[¶7]    Section 28-01-18(4), N.D.C.C., controls the statute of limitations for McCarthy's action based on her daughter's death and reads, in pertinent part:

> The following actions must be commenced within two years after the claim for relief has accrued:
>
> . . . .
>
> 4.    An action for injuries done to the person of another, when death ensues from such injuries, and the claim for relief must be deemed to have accrued at the time of the death of the party injured; provided, however, that *when death ensues as the result of malpractice, the claim for relief is deemed to have accrued at the time of the discovery of the malpractice*.

(Emphasis added.) Under N.D.R.Civ.P. 3, a civil action is commenced by the service of a summons.

[¶8]    In *Long*, this Court applied N.D.C.C. § 28-01-18(4) and explained the contours of North Dakota's "discovery rule," as follows:

> This Court has adopted the discovery rule in medical malpractice cases holding, "the two-year statute of limitations begins to run when the plaintiff knows, or with reasonable diligence should know, of (1) the injury, (2) its cause, and (3) the defendant's possible negligence." *Schanilec v. Grand Forks Clinic, Ltd.*, 1999 ND 165, ¶ 12, 599 N.W.2d 253. The objective question is "whether the plaintiff has been apprised of facts which would place a reasonable person on notice that a potential claim exists." *Wheeler v. Schmid Laboratories, Inc.*, 451 N.W.2d 133, 137 (N.D. 1990). The plaintiff does not have to be "subjectively convinced that he has been injured and that the injury was caused by the defendant's negligence." *Id.* A malpractice plaintiff's knowledge is ordinarily a question of fact which is inappropriate for summary judgment. *Schanilec*, 1999 ND 165, ¶ 20, 599 N.W.2d 253.

3

> However, this issue becomes a question of law when reasonable minds could come to but one conclusion. *Id.*

2004 ND 194, ¶ 9, 688 N.W.2d 173.

[¶9]   Here, the district court's order stated: "Plaintiff's knowledge of the injury, its cause, and the Defendant's possible negligence in this matter has become a question of law because reasonable minds could come to but one conclusion."   McCarthy argues the court erred in finding the issue was a question of law because: (1) 13 days elapsed between McCarthy's daughter's final visit with Dr. Getz and her death and therefore McCarthy would not have made the connection between Dr. Getz's possible malpractice and her daughter's death; (2) due to her grief and guilt, McCarthy was unable to believe *anyone* should be blamed for her daughter's death; (3) grief experienced by survivors of a child suicide victim is so overwhelming that survivors lose the ability to blame the victim's therapist; (4) reasonable minds could differ as to when McCarthy would conclude Dr. Getz committed malpractice due to many other factors possibly at play in the suicide, including peer pressure, academic pressure, and parental guilt; and (5) Dr. Getz submitted no affidavit or evidence in favor of her argument that reasonable minds could come but to one conclusion on the issue.

[¶10]   In *Long*, the plaintiff's claim against one of his wife's doctors was barred by the statute of limitations under N.D.C.C. § 28-01-18 because more than two years elapsed between the date his claim accrued and the date the wrongful death action was commenced.  2004 ND 194, ¶ 11, 688 N.W.2d 173.  In *Long*, the plaintiff's wife was examined by a doctor on July 6, 1999 for a recurring urinary tract infection.  *Id*. at ¶ 2.  On July 9, 1999, the plaintiff's wife went to the hospital for further treatment ordered by her doctor.  *Id*.  On the same day, she suffered a reaction, went into shock, and died on July 24, 1999.  *Id*.  The plaintiff commenced an action against one of his wife's doctors on July 13, 2001.  *Id*. at ¶ 10.  This Court held that on July 9, 1999, "reasonable minds could come to but one conclusion, [plaintiff] was apprised of the facts which would place a reasonable person on notice that a potential claim of

4

medical malpractice existed." *Id.* Applying N.D.R.Civ.P. 6(a), which provides that when computing a time period prescribed by statute, the day of the act or event triggering the running of time is not included, we clarified the statute of limitations began to run on July 10, 1999. *Id.*

[¶11] Applying the holding in *Long*, 2004 ND 194, 688 N.W.2d 173, we agree with the district court that the earliest date facts occurred which would place a reasonable person on notice that a potential claim of medical malpractice existed was September 23, 2015—the day McCarthy was alerted her daughter had gone missing and the same day she learned of her daughter's death. It is undisputed McCarthy learned of her daughter's death on September 23, 2015. McCarthy's argument focuses on the assertion there was a factual dispute regarding the date she subjectively realized a potential claim existed. McCarthy supports her argument that her delayed subjective realization is actually objective by submitting an affidavit from an expert, Dr. Thomas E. Joiner, Jr., who argues any surviving parent in McCarthy's position would have experienced guilt and grief of such great magnitude resulting in a delayed realization of a potential claim. *But see Weathers v. Fulgenzi*, 884 P.2d 538, 543 (Okla. 1994) ("affidavits and testimony from expert witnesses do not automatically create a question for the jury to hear. Rather, such evidence may be used by the trier of law, to determine whether the statute of limitations was tolled by the discovery rule."). Our holding in *Long* does not consider the plaintiff's subjective thought processes, a survivor's grieving process, or a survivor's feelings of guilt. The holding in *Long* applied an objective standard to determine the date the statute of limitations begins to run in a wrongful death claim based on allegations of medical malpractice is the date the plaintiff becomes aware that the medical treatment sought by the deceased has not gone as planned.

[¶12] We have stated before that "the act of suicide evidences that the course of treatment failed." *Champagne v. U.S.*, 513 N.W.2d 75, 78 (N.D. 1994) (answering a certified question from the Eighth Circuit Court of Appeals regarding the effect of comparative fault on a medical provider's tort liability for treating a patient with

5

suicidal ideas when the patient commits suicide).  We have also recognized the discovery rule "requires only that the plaintiff be aware of an injury; it does not require the plaintiff to know the full extent of the injury." *Dunford v. Tryhus*, 2009 ND 212, ¶ 10, 776 N.W.2d 539 (citing *Erickson v. Scotsman, Inc.*, 456 N.W.2d 535, 539 (N.D. 1990)).

[¶13]  In the context of a child's suicide and the parents' later wrongful death claim against the child's treating psychiatrist, at least one other court has held the date of the child's death by suicide put the parents on notice an injury had occurred.  In *Bellah v. Greenson*, 146 Cal. Rptr. 535, 541 (Cal. Ct. App. 1978), the deceased had been seeing a psychiatrist when she made a "suicide gesture."  She continued receiving treatment from the psychiatrist and later died by suicide.  *Id.*  The parents of the deceased initiated a wrongful death action against the psychiatrist alleging that he had "failed to personally take measures to prevent [their daughter's] suicide; that he failed to warn plaintiffs of the seriousness of [their daughter's] condition and of circumstances which might cause her to commit suicide; and that he had failed to inform plaintiffs that [their daughter] was consorting with heroin addicts in plaintiff's home." *Id*. at 537.  The plaintiffs argued the one-year bar did not apply to their action, brought nearly two years after their daughter's death, because their "discovery of the injury, within the meaning of the statute, [could] only be deemed to have occurred when the plaintiffs had reason to know that they had a cause of action arising from [their daughter's] death." *Id*. at 540.  The plaintiffs claimed the statute of limitations was tolled until they were allowed to examine the treating psychiatrist's medical records and learned from his notes that he "had concluded [their daughter] was disposed to suicide." *Id*.  The California court held: "The events surrounding [the deceased's] death were sufficient to cause plaintiffs to inquire into the circumstances about which they now complain.  They were free to bring suit immediately, pursue discovery and avail themselves of the opportunity to examine defendant's records.  It follows that the one-year period . . . was not tolled by defendant's failure to disclose his professional opinion that [the deceased] was suicidally disposed and that

6

plaintiffs' action was barred by their failure to bring suit within one year after [their daughter's] death." *Id*. at 541. We agree with the reasoning articulated by the California court construing the application of the discovery rule.

[¶14] Here, McCarthy was on notice that the psychological treatment her daughter was receiving from Dr. Getz had not gone as planned the date her daughter committed suicide. Notes from McCarthy's daughter's visits with Dr. Getz reveal McCarthy was aware of her daughter's mental health treatment and nothing in the record indicates otherwise. The plan for treatment was to treat McCarthy's daughter's anxiety and depression and associated symptoms. Her resulting death by suicide is an objectively obvious fact that the goal of treatment had not been achieved as planned. Dr. Getz correctly notes that McCarthy has not asserted any additional occurrences following her daughter's death causing her to be put on notice of a potential claim; "the only occurrences are subjective: that McCarthy became convinced that she had a potential claim against Dr. Getz." Construing all inferences in favor of McCarthy, no dispute exists that she discovered her daughter's injury on September 23, 2015, and that she commenced this action on November 14, 2017. *See* N.D.R.Civ.P. 3. Applying N.D.R.Civ.P. 6, the statute of limitations did not begin to run until September 24, 2015, and therefore initiation of the action based on service upon Dr. Getz on November 14, 2017, was barred by the statute of limitations. The district court did not err in granting Dr. Getz's motion for summary judgment.

IV

[¶15] We need not address Dr. Getz's cross-appeal because our decision on the statute of limitations is dispositive.

7

[¶16]  We affirm the district court's judgment.

[¶17]  Lisa Fair McEvers
Daniel J. Crothers
Jerod E. Tufte
Jon J. Jensen
Gerald W. VandeWalle, C.J.