2012 ND 13

AMERICAN FAMILY INSURANCE and Prairie West Apartments I, a limited partnership, and Valley Rental Service, Inc., Plaintiffs and Appellants,

v.

WAUPACA ELEVATOR COMPANY, INC., Defendant and Appellee.

No. 20110198.

Supreme Court of North Dakota.

Jan. 12, 2012.

 

Steven F. Lamb, American Family Insurance, Fargo, N.D., for plaintiffs and appellants.

Gordon H. Hansmeier, St. Cloud, MN, for defendant and appellee.

SANDSTROM, Justice.

[¶ 1] American Family Insurance, Prairie West Apartments I, a limited partnership, and Valley Rental Service, Inc. ("American Family") appeal from a judgment dismissing with prejudice negligence and strict liability claims against Waupaca Elevator Company, Inc., on the basis that American Family did not begin its action against Waupaca Elevator within the six-year statute of limitations. We reverse the judgment and remand for further proceedings, concluding American Family properly served its summons and complaint upon Waupaca Elevator within the statute of limitations.

I

[¶ 2] On December 30, 2010, American Family sued Waupaca Elevator, a Wisconsin corporation with its principal place of business in Outagamie County, Wisconsin, alleging an elevator designed, manufactured, marketed, and sold by Waupaca Elevator damaged American Family's apartment building in West Fargo on December 30, 2004. American Family faxed a copy of its summons and complaint to the Outagamie County Sheriff's Department in Appleton, Wisconsin, and instructed the sheriff's department to serve both documents upon Waupaca Elevator after receiving the original documents by certified mail. The sheriff's department acknowledged receipt of the fax the same day by stamping the cover letter. Also on December 30, American Family mailed the original summons and complaint to the sheriff's department and sent a copy of both documents by certified mail to Larry Rice, an agent of Waupaca Elevator. On January 4, 2011, after receiving the original summons and complaint by certified mail, the sheriff's department personally served both upon William McMichael, an officer of Waupaca Elevator. Rice also signed for and received a copy of the summons and complaint by certified mail on January 4, 2011.

[¶ 3] Waupaca Elevator moved to dismiss the action, claiming American Family served the complaint insufficiently and outside the six-year statute of limitations for a tort action. American Family responded the statute of limitations countdown began to run on December 31, 2004, the day after the action accrued, and argued it timely served the complaint upon Waupaca Elevator on December 30, 2010.

[¶ 4] After a hearing on Waupaca Elevator's motion to dismiss, the district court dismissed American Family's complaint with prejudice, concluding American Fami-

ly did not begin the action within the six-year statute of limitations.

[¶ 5]   The district court had jurisdiction under N.D. Const. art. VI, § 8, and N.D.C.C. § 27–05–06. American Family timely appealed under N.D.R.App.P. 4(a). We have jurisdiction under N.D. Const. art. VI, §§ 2 and 6, and N.D.C.C. § 28–27–01.

## II

[¶ 6]   American Family argues it served the summons and complaint upon Waupaca Elevator within the six-year statute of limitations and the district court erred in calculating the beginning and ending dates of the statute of limitations. American Family argues the district court failed to exclude the date the action accrued, December 30, 2004, in calculating the date from which to begin the statute of limitations and the district court failed to include the date six years after the date of accrual, December 30, 2010, the "last day," in calculating the deadline by which American Family had to serve its complaint. American Family argues it properly and timely delivered the summons and complaint to the Outagamie County Sheriff's Department on December 30, 2010, to be served upon Waupaca Elevator, as allowed by statute.

[¶ 7]   A motion to dismiss on the pleadings must be treated as one for summary judgment if matters outside the pleadings are presented to and not excluded by the district court. N.D.R.Civ.P. 12(d). Here the district court considered matters outside the pleadings, and both parties agree the district court treated Waupaca Elevator's motion to dismiss on the pleadings as a motion for summary judgment.

[¶ 8]   "Summary judgment is a procedure for promptly resolving a contro-versy without a trial if the evidence shows there are no genuine issues as to any material fact and any party is entitled to judgment as a matter of law." *Gratech Co., Ltd. v. Wold Eng'g, P.C.,* 2003 ND 200, ¶ 8, 672 N.W.2d 672; N.D.R.Civ.P. 56(c). " 'Even if a factual dispute exists, summary judgment is proper if the law is such that resolution of the factual dispute will not change the result.' " *Id.* (quoting *Koapke v. Herfendal,* 2003 ND 64, ¶ 11, 660 N.W.2d 206). The standard of review for a district court's grant of summary judgment is de novo. *Lucas v. Riverside Park Condominiums Unit Owners Ass'n,* 2009 ND 217, ¶ 16, 776 N.W.2d 801. The evidence is reviewed in a light most favorable to the party opposing summary judgment. *Makeeff v. City of Bismarck,* 2005 ND 60, ¶ 12, 693 N.W.2d 639.

### A

[¶ 9]   American Family argues it served the summons and complaint upon Waupaca Elevator within the general six-year statute of limitations for tort actions under N.D.C.C. § 28–01–16, which provides:

> The following actions must be commenced within six years after the claim for relief has accrued:
>
> . . . .
>
> 5.   An action for criminal conversation or for any other injury to the person or rights of another not arising upon contract, when not otherwise expressly provided.

"The purpose of a statute of limitation is to prevent 'plaintiffs from sleeping on their legal rights to the detriment of the defendants.' " *Erickson v. Scotsman, Inc.,* 456 N.W.2d 535, 537 (N.D.1990) (quoting *Hanson v. Williams County,* 389 N.W.2d 319, 321 (N.D.1986)). "Thus, statutes of limitation are designed to prevent the plaintiff's enforcement of stale claims when, through

the lapse of time, evidence regarding the claim has become difficult to procure or even lost entirely." *Id.*

[¶ 10] American Family argues the district court erroneously calculated the six-year statute of limitations. It argues N.D.R.Civ.P. 6(a) applies when calculating the beginning and ending dates for its claims.

[¶ 11] The explanatory note to N.D.R.Civ.P. 6(a) states the rule was amended effective March 2011 to simplify and clarify the provisions describing the computation of deadlines. The 2011 amendments to N.D.R.Civ.P. 6(a), however, created no substantive changes that apply here. Consequently, we reach the same result under both versions of the rule. Because the 2011 amendments to N.D.R.Civ.P. 6(a) were not in effect before American Family's claimed injuries or when American Family mailed the summons and complaint to the Outagamie County Sheriff's Department on December 30, 2010, we apply the former N.D.R.Civ.P. 6(a), which provided:

> In computing any period of time prescribed or allowed by these rules, by the local rules of any district court, by order of court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run may not be included. The last day of the period so computed must be included, unless it is a Saturday, a Sunday, or a legal holiday, in which event the period runs until the end of the next day which is not a Saturday, a Sunday, or a legal holiday.

*See also State v. Dimmler*, 456 N.W.2d 297, 298 (N.D.1990) (all statutes are applied prospectively unless clearly expressed otherwise, and the statute in effect at the time of the cause of action applies). Section 1–02–15, N.D.C.C., also applies to the computation of time, providing:

The time in which any act provided by law is to be done is computed by excluding the first day and including the last, unless the last is a holiday, and then it also is excluded. If a number of months is to be computed by counting the months from a particular day, the period ends on the same numerical day in the concluding month as the day of the month from which the computation is begun, unless there are not that many days in the concluding month, in which case the period ends on the last day of that month.

[¶ 12] American Family argues N.D.R.Civ.P. 6(a) and N.D.C.C. § 1–02–15 support its calculation that it could serve the summons and complaint upon Waupaca Elevator as late as December 30, 2010. In its motion to dismiss, Waupaca Elevator argued the date of injury, December 30, 2004, began the six-year statute of limitations on American Family's claims and asserted the statute of limitations expired on December 29, 2010. Waupaca Elevator also argued American Family did not comply with the statute of limitations when it attempted to serve Waupaca Elevator through the Outagamie County Sheriff's Department and by certified mail on December 30, 2010.

[¶ 13] The district court agreed with Waupaca Elevator, concluding American Family did not serve the summons and complaint upon Waupaca Elevator until January 4, 2011, the date the Outagamie County Sheriff's Department personally served an officer of Waupaca Elevator and the date an agent of Waupaca Elevator received the summons and complaint by certified mail. The district court alternatively decided that even if American Family served Waupaca Elevator on December 30, American Family still did not serve the summons and complaint "within" the six-year statute of limitations. In deciding

whether American Family timely served the summons and complaint on the last day of the six-year statute of limitations, the district court relied on its interpretation of the word "within," used under N.D.C.C. § 28–01–16, as it is understood in the English language. The district court stated, "[W]ithin six years, to me, means inside of, less than." The district court reasoned it could not find any authority clearly interpreting N.D.R.Civ.P. 6(a) or N.D.C.C. § 28–01–16 that articulated what time of day the statute of limitations expired. As a result, the district court found December 30, 2010, was not "within" the six-year statute of limitations and concluded American Family did not serve the summons and complaint on or before December 29, 2010, the last day in which it could comply with N.D.C.C. § 28–01–16.

[¶ 14] We conclude the district court erroneously calculated the beginning and ending dates of the six-year statute of limitations, and American Family timely served the summons and complaint on December 30, 2010. We reach our conclusion by applying former N.D.R.Civ.P. 6(a) even though an application under N.D.C.C. § 1–02–15 would result in the same beginning and ending dates of the statute of limitations in this case because the first day is excluded and the last day is included in a calculation, and the last day does not end on a holiday. Although former N.D.R.Civ.P. 6(a) and N.D.C.C. § 1–02–15 both apply to the computation of time, former N.D.R.Civ.P. 6(a) controls here under its language because it applies *"[i]n computing any period of time prescribed or allowed by these rules,* by the local rules of any district court, by order of court, or *by any applicable statute[.]"* N.D.R.Civ.P. 6(a) (2010) (amended 2011) (emphasis added). Rule 1, N.D.R.Civ.P., states, "These rules govern the procedure in all civil actions and proceedings in dis-

trict court[.]" Rule 3, N.D.R.Civ.P., governs the commencement of a civil action, and N.D.C.C. § 28–01–16 governs the statute of limitations for American Family's claims. Because N.D.C.C. § 28–01–16 does not specify a method of computing time for commencing an action within the six-year statute of limitations, the language of the North Dakota Rules of Civil Procedure indicates the rules supplement N.D.C.C. § 28–01–16. When all of these provisions are read together, we conclude it is appropriate to count time using former N.D.R.Civ.P. 6(a). *Dundee Mut. Ins. Co. v. Balvitsch,* 540 N.W.2d 609, 612 (N.D.1995) ("Statutes must be considered as a whole and in relation to other provisions, with each provision harmonized, if possible, to avoid conflicts.").

[¶ 15] Under former N.D.R.Civ.P. 6(a), the date American Family alleges triggered its claims, December 30, 2004, is excluded in computing the date from which the six-year statute of limitations begins to run. As a result, the next day, December 31, 2004, begins the six-year countdown for the statute of limitations. Six years into the future from December 31, 2004, counting every day, including intermediate Saturdays, Sundays, and legal holidays, is Thursday, December 30, 2010. That date is the last day in which American Family could have timely sued Waupaca Elevator under the six-year statute of limitations governing its claims.

[¶ 16] Former N.D.R.Civ.P. 6(a) provided that the "last day" is included in the statute of limitations calculation, "unless it is a Saturday, a Sunday, or a legal holiday." If the "last day" is a Saturday, a Sunday, or a legal holiday, however, the statute of limitations period continues to run "until the *end* of the next day which is not a Saturday, a Sunday, or a legal holiday." N.D.R.Civ.P. 6(a) (2010) (amended 2011) (emphasis added). Because the for-

mer N.D.R.Civ.P. 6(a) explicitly included the "last day" in the calculation for time and provided for the period to run "until the end of the next day which is not a Saturday, a Sunday, or a legal holiday," the language of the rule authorizes a party to begin a lawsuit as late as the end of the last day of the statute of limitations period.

[¶ 17] In negligence or strict liability actions, the cause of action accrues at the time of injury. *Erickson*, 456 N.W.2d at 537. "[T]he general rule . . . is that where the plaintiff's injuries are caused by an accident or trauma, the action accrues at the time of the injury." *Id.* "An injury usually arises contemporaneously with the wrongful act causing the injury." *Id.*

[¶ 18] There are instances, however, when an injury may not be discovered at the time of the wrongful act. *See Schanilec v. Grand Forks Clinic, Ltd.,* 1999 ND 165, 599 N.W.2d 253. Medical malpractice claims are a good example. *Id.* at ¶¶ 11–12. In those cases, we have adopted the discovery rule. *Long v. Jaszczak,* 2004 ND 194, ¶ 9, 688 N.W.2d 173. When the discovery rule applies, the "statute of limitations begins to run when the plaintiff knows, or with reasonable diligence should know, of (1) the injury, (2) its cause, and (3) the defendant's possible negligence." *Id.* Rule 6(a), N.D.R.Civ.P., applies to both the general rule and the discovery rule in calculating the date of injury accrual, and the statute of limitations does not begin to run until the day after the date of accrual. *See id.* at ¶ 11.

[¶ 19] In *Long, id.* at ¶¶ 1–3, a husband brought a wrongful death and medical malpractice action against two physicians and a hospital after his wife died during a medical procedure. We held the claim for relief accrued on July 9, 1999, both the date of injury and the date the plaintiff discovered the injury. *Id.* at ¶¶ 9–10. We applied N.D.R.Civ.P. 6(a) and reasoned that although the injury accrued on July 9, the statute of limitations did not begin to run until July 10 because N.D.R.Civ.P. 6(a) excludes the date of accrual in its computation of time. *Id.* at ¶ 11.

[¶ 20] Similarly, American Family's claimed injury accrued on December 30, 2004, and under N.D.R.Civ.P. 6(a) and our analysis in *Long,* the statute of limitations on American Family's claims did not begin to run until December 31, 2004. Therefore, American Family had six years, beginning December 31, 2004, to start a lawsuit against Waupaca Elevator.

[¶ 21] Although the general rule and the discovery rule evidence more than one method for calculating a cause of action's accrual date, the application of N.D.R.Civ.P. 6(a) to each method is the same. Under N.D.R.Civ.P. 6(a), we exclude the date of accrual in a statute of limitations calculation and begin the countdown the day after the date of accrual. In this case, the statute of limitations for American Family's claims did not begin to run until December 31, 2004, the day after the accrual of American Family's claimed injuries. American Family had six years, beginning December 31, 2004, to start a lawsuit against Waupaca Elevator. Six years into the future from December 31, 2004, counting every day, including intermediate Saturdays, Sundays, and legal holidays, is Thursday, December 30, 2010. We conclude American Family had until December 30, 2010, to begin its action against Waupaca Elevator.

B

[¶ 22] American Family also argues it properly served Waupaca Elevator through the Outagamie County Sheriff's Department and by certified mail on De-

cember 30, 2010, as allowed under N.D.C.C. § 28-01-38, which provides:

An action is commenced as to each defendant when the summons is served on that defendant.... An attempt to commence an action is equivalent to the commencement thereof within the meaning of this chapter when the summons, *with the intent that it shall be actually served,* is delivered:

1. To the sheriff or other officer of the county in which the defendants or one of them usually or last resided; or

2. To the sheriff or other officer, if a corporation is defendant, of the county in which was situated the principal place of business of such corporation, or in which its general business was transacted, or in which it kept an office for the transaction of business.

Such an attempt must be followed within sixty days by the first publication of the summons or the service thereof.

(Emphasis added.) American Family delivered by fax the summons and complaint to the Outagamie County Sheriff's Department on December 30, 2010, with instructions to serve Waupaca Elevator after the sheriff's department received the original documents by certified mail. The sheriff's department acknowledged receipt of the fax by stamping the cover letter on December 30. On January 4, 2011, after it received the original summons and complaint by certified mail, the sheriff's department personally served an officer of Waupaca Elevator.

[¶ 23] Waupaca Elevator argues American Family did not serve its summons and complaint upon Waupaca Elevator by December 30, 2010, nor did American Family "have the bona fide intent that the [s]ummons and [c]omplaint be served on December 30, 2010." Waupaca Elevator reasons American Family's December 30 faxed letter to the sheriff's department instructed the sheriff's department to serve Waupaca Elevator after it received the original copies of the summons and complaint by certified mail. Waupaca Elevator relies on *Elliot v. Drayton Pub. Sch. Dist. No. 19,* 406 N.W.2d 655 (N.D.1987), and *Galehouse v. Minneapolis, St. Paul & S.S.M. Ry. Co.,* 22 N.D. 615, 135 N.W. 189 (1912).

[¶ 24] In *Elliot,* 406 N.W.2d at 657, we considered arguments regarding the interpretation of N.D.C.C. § 28-01-38. In an action challenging a special mill levy election, the plaintiffs argued they delivered to the sheriff their summons and complaint on the last day of the statute of limitations with the intent the summons and complaint actually be served on the defendant. *Id.* The sheriff's department promptly served the defendant the next morning after the plaintiffs unsuccessfully served the defendant on the last day of the statute of limitations. *Id.* Relying on *Galehouse,* 135 N.W. at 191, which interpreted the predecessor to N.D.C.C. § 28-01-38, the defendant argued the plaintiffs did not comply with N.D.C.C. § 28-01-38 because they "did not deliver the summons and complaint to the sheriff with the intent that the papers be served within the [statute of limitations]." *Elliot,* 406 N.W.2d at 658-59. This Court stated:

[I]t is clear from the authorities and from our statute that an action is commenced, so far as the statute of limitations is concerned, when the writ is filled out and delivered to the proper officer, *with the bona fide intent to have it served at once, and not at the time that the actual service is made....*

*Id.* (quoting *Galehouse,* 135 N.W. at 191). This Court concluded the plaintiffs delivered the summons and complaint to the sheriff with the intent to promptly serve the defendant because the plaintiffs faith-

fully and diligently attempted to serve the defendant on the last day of the statute of limitations. *Id.* at 659.

[¶ 25] Waupaca Elevator argues that because American Family did not have a bona fide intent to serve Waupaca Elevator on December 30, it did not provide timely service. Waupaca Elevator relies on the intent language of N.D.C.C. § 28–01–38 for its argument and claims American Family did not have "the intent that [the summons and complaint] shall be actually served" on December 30. Waupaca Elevator construes the language of the statute to require American Family to have had the intent to serve Waupaca Elevator on December 30 in order to timely begin its action.

[¶ 26] The plain language of N.D.C.C. § 28–01–38, however, allows a party to deliver the summons and complaint to the sheriff "with the intent that [the summons and complaint] shall be actually served." The statute does not include language requiring a specific time or date to be served, nor does the statute state the intent of the serving party must be to have a sheriff's department serve the summons and complaint that day or "at once," as argued by Waupaca Elevator. Instead, in *Long*, 2004 ND 194, ¶ 11, 688 N.W.2d 173, we concluded Long delivered the summons and complaint to the sheriff's department within the statute of limitations with the intent they would be served on the defendant, thereby complying with N.D.C.C. § 28–01–38.

[¶ 27] Similar to our decision in *Long*, we conclude American Family delivered its summons and complaint to the Outagamie County Sheriff's Department within the statute of limitations with the intent both documents would be actually served on Waupaca Elevator after the sheriff's department received the original documents by certified mail. In this case, it is of no consequence the sheriff's department did not serve Waupaca Elevator until January 4, 2011, because American Family intended the summons and complaint to "be actually served" upon Waupaca Elevator under N.D.C.C. § 28–01–38. Additionally, American Family faxed and mailed the summons and complaint to the sheriff's department on the "last day" of the statute of limitations with a reasonable expectation the sheriff's department would serve Waupaca Elevator after receipt of the original documents by mail, and actual service on William McMichael, senior vice-president of Waupaca Elevator, occurred within sixty days, as allowed by statute. *See Elliot*, 406 N.W.2d at 659 (after "a faithful and diligent effort to procure service," contestants' attorney delivered the summons and complaint to the sheriff's office on the "last day" of the statute of limitations with the intent they be served "as soon as reasonably possible," but service did not occur until the day after the limitations period).

[¶ 28] Rule 4(d), N.D.R.Civ.P., governing by whom service of process may be made and how service of process is made both inside and outside North Dakota, also guides our analysis. Waupaca Elevator's principal place of business is located outside North Dakota, in Outagamie County, Wisconsin. Rule 4(d)(1), N.D.R.Civ.P., states service of process may be made "outside the state by any person who may make service under the law of this state or under the law of the place where service is made, or by a person who is designated by a court of this state." County sheriffs in North Dakota are authorized to make service under N.D.C.C. § 28–01–38, and American Family complied with N.D.R.Civ.P. 4(d)(1) by choosing the Outagamie County Sheriff's Department to serve Waupaca Elevator.

[¶ 29] In addition, N.D.R.Civ.P. 4(d)(3) states:

Service on any person subject to the personal jurisdiction of the courts of this state may be made outside the state:

(A) in the same manner as service within this state, with the force and effect as though service had been made within this state;

(B) under the law of the place where service is made for service in that place in an action in any of its courts of general jurisdiction; or

(C) as directed by court order.

Waupaca Elevator argued in the district court that American Family did not comply with Wisconsin law in serving its summons and complaint. Rule 4(d)(3), N.D.R.Civ.P., however, does not require American Family to comply with Wisconsin law in serving Waupaca Elevator; rather, the rule provides American Family the option to serve Waupaca Elevator "in the same manner as service within [North Dakota]," even though Waupaca Elevator's business is not located within North Dakota.

[¶ 30]  Because N.D.R.Civ.P. 4(d)(3) allows American Family to serve Waupaca Elevator in the same manner as service within North Dakota, it is important to consider how service may be made within this state. Rule 4(d)(2)(D), N.D.R.Civ.P., governs service of process of a corporation, partnership, or association:

Service must be made on a domestic or foreign corporation or on a partnership or other unincorporated association, by:

(i) delivering a copy of the summons to an officer, director, superintendent or managing or general agent, or partner, or associate, or to an agent authorized by appointment or by law to receive service of process on its behalf, or to one who acted as an agent for the defendant with respect to the matter on which the plaintiff's claim is based and who was an agent of the defendant at the time of service;

(ii) if the sheriff's return indicates no person upon whom service may be made can be found in the county, then service may be made by leaving a copy of the summons at any office of the domestic or foreign corporation, partnership, or unincorporated association within this state with the person in charge of the office; or

(iii) any form of mail or third-party commercial delivery addressed to any of the foregoing persons and requiring a signed receipt and resulting in delivery to that person.

[¶ 31]  On December 30, 2010, American Family faxed a copy of the summons and complaint and mailed the original documents to the Outagamie County Sheriff's Department. On January 4, 2011, William McMichael signed for the sheriff's delivery of American Family's summons and complaint, resulting in delivery to Waupaca Elevator on that day. Under N.D.R.Civ.P. 4(d)(2)(D)(i), American Family properly served its summons and complaint upon Waupaca Elevator. *See Beaudoin v. South Texas Blood & Tissue Ctr.*, 2004 ND 49, ¶ 18, 676 N.W.2d 103 (process server validly served an executive office manager under N.D.R.Civ.P. 4(d)(2)(D)(i) "who reasonably appeared to be of sufficient character and rank to make it reasonably certain that the defendant would be apprised of the service made").

[¶ 32]  We conclude American Family properly served the summons and complaint upon Waupaca Elevator through the Outagamie County Sheriff's Department under N.D.C.C. § 28–01–38 and N.D.R.Civ.P. 4(d) on December 30, 2010, within the six-year statute of limitations for its claims.

## III

[¶ 33] We reverse the judgment and remand for further proceedings.

[¶ 34] GERALD W. VANDE WALLE, C.J., DANIEL J. CROTHERS, MARY MUEHLEN MARING, and CAROL RONNING KAPSNER, JJ., concur.