Filed 2/17/12 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2012 ND 34

Kara Lynn Langowski 

(f/k/a Kara Lynn Dunnigan), Plaintiff and Appellant

v.

Charleen Altendorf, Defendant and Appellee

No. 20110184

Appeal from the District Court of Walsh County, Northeast Judicial District, the Honorable M. Richard Geiger, Judge.

AFFIRMED.

Opinion of the Court by Sandstrom, Justice.

Gretchen M. Handy (appeared), P.O. Box 6306, Grand Forks, N.D. 58206-6306, and Reed K. Mackenzie (argued), 150 South Fifth Street, Suite 2500, Minneapolis, Minnesota 55402, for plaintiff and appellant.

Kraig A. Wilson (argued), 1697 South 42nd Street, Suite 200, P.O. Box 14519, Grand Forks, N.D. 58208-4519, for defendant and appellee.

Langowski v. Altendorf

No. 20110184

Sandstrom, Justice.

[¶1] Kara Lynn Langowski appeals from a summary judgment dismissing with prejudice her negligence action against Charlene Altendorf.  We affirm the judgment, concluding Langowski did not begin her negligence action against Altendorf within the six-year statute of limitations by delivering the summons and complaint to Altendorf within that time.

 

I

[¶2] In her complaint, Langowski alleged Altendorf struck her with a vehicle while she attempted to cross a street in Minto, North Dakota, on August 21, 2004, causing her bodily injury.  On August 18, 2010, Langowski sent the summons and complaint to Roughrider Legal Support Services, a private process server, instructing it to serve both documents upon Altendorf on or before August 21, 2010.

[¶3] Representatives of Roughrider attempted to personally serve Altendorf at her residence in Minto on August 19 and 20, 2010, but were unsuccessful because she had traveled to Bismarck.  On August 19, Sarah Zacher, a paralegal for Langowski’s attorney, telephoned Altendorf to arrange a meeting in Bismarck to personally serve Altendorf the next day.  Zacher and Altendorf agreed to contact each other on August 20 to discuss a location where service could be accomplished.  On the morning of August 20, however, after speaking with her attorney, Altendorf informed Zacher she would not accept service in Bismarck.  Roughrider then attempted to serve Altendorf through Deborah Dunham, an office manager at Altendorf’s place of employment.  After speaking with Altendorf, Dunham refused to accept service on Altendorf’s behalf.  Roughrider then left the summons and complaint affixed to the front door of Altendorf’s home in Minto on August 20, 2010, at 6:04 p.m, after a final attempt to serve Altendorf at her home.  Altendorf did not discover the summons and complaint affixed to her door until August 23, 2010.  On August 23, 2010, Langowski sent a copy of the summons and complaint by certified mail to Altendorf.  Altendorf signed for and received a copy of the summons and complaint on August 25, 2010.

[¶4] Altendorf moved to dismiss Langowski’s negligence action, arguing Langowski failed to properly serve her within the six-year statute of limitations.  Altendorf claimed the district court therefore lacked personal jurisdiction.  After a hearing and a request for additional briefing, the district court granted Altendorf summary judgment dismissal of Langowski’s negligence action, concluding Langowski did not begin the action within the six-year statute of limitations because Altendorf did not sign for and receive the summons and complaint until August 25, 2010, two days after the expiration of the statute of limitations.

[¶5] The district court had jurisdiction under N.D. Const. art. VI, § 8, and N.D.C.C. § 27-05-06.  Langowski timely appealed under N.D.R.App.P. 4(a).  We have jurisdiction under N.D. Const. art. VI, §§ 2 and 6, and N.D.C.C. § 28-27-01.

 

II

[¶6] Langowski argues the district court erroneously interpreted N.D.R.Civ.P. 4(d)(2)(A)(v) in concluding her action began when Altendorf signed for and received the summons and complaint on August 25, 2010, two days after the expiration of the statute of limitations.  Langowski argues her action began when she placed the summons and complaint in the mail on August 23, 2010.

[¶7] “Summary judgment is a procedure for promptly resolving a controversy without a trial if the evidence shows there are no genuine issues as to any material fact and any party is entitled to judgment as a matter of law.”  
Gratech Co., Ltd. v. Wold Eng’g, P.C.
, 2003 ND 200, ¶ 8, 672 N.W.2d 672; N.D.R.Civ.P. 56(c).  “‘Even if a factual dispute exists, summary judgment is proper if the law is such that resolution of the factual dispute will not change the result.’”  
Id.
 (quoting 
Koapke v. Herfendal
, 2003 ND 64, ¶ 11, 660 N.W.2d 206).  We review a district court’s grant of summary judgment de novo.  
Lucas v. Riverside Park Condominiums Unit Owners Ass’n
, 2009 ND 217, ¶ 16, 776 N.W.2d 801.  We review the evidence in the light most favorable to the party opposing summary judgment.  
Makeeff v. City of Bismarck
, 2005 ND 60, ¶ 12, 693 N.W.2d 639.

[¶8] Section 28-01-16, N.D.C.C., provides a general six-year statute of limitations for Langowski’s tort claims:

The following actions must be commenced within six years after the claim for relief has accrued:

. . . .

5. An action for criminal conversation or for any other injury to the person or rights of another not arising upon contract, when not otherwise expressly provided.

“The purpose of a statute of limitation is to prevent ‘plaintiffs from sleeping on their legal rights to the detriment of the defendants.’”  
Erickson v. Scotsman, Inc.
, 456 N.W.2d 535, 537 (N.D. 1990) (quoting 
Hanson v. Williams County
, 389 N.W.2d 319, 321 (N.D. 1986)).  “Thus, statutes of limitation are designed to prevent the plaintiff’s enforcement of stale claims when, through the lapse of time, evidence regarding the claim has become difficult to procure or even lost entirely.”  
Id.

[¶9] Under N.D.R.Civ.P. 3, a civil action begins in North Dakota when a plaintiff serves a summons upon a defendant.  Langowski argues she timely served her summons and complaint upon Altendorf for her claimed August 21, 2004, injuries on August 23, 2010, the day she placed both documents in the mail.  Langowski argues N.D.R.Civ.P. 6(a) applies when calculating the beginning and ending dates of the statute of limitations governing her claims.

[¶10] The explanatory note to N.D.R.Civ.P. 6(a) states the rule was amended effective March 1, 2011, to simplify and clarify the provisions describing the computation of deadlines.  
See
 
American Family Ins. v. Waupaca Elevator Co., Inc.
, 2012 ND 13, ¶ 11, 809 N.W.2d 337.  The 2011 amendments to N.D.R.Civ.P. 6(a) created no substantive changes that apply here, however, and our analysis is the same under both versions of the rule.  
See
 
id.
  Because the 2011 amendments to N.D.R.Civ.P. 6(a) were not in effect before Langowski’s claimed injuries or when she mailed the summons and complaint to Altendorf on August 23, 2010, we apply the former N.D.R.Civ.P. 6(a), which provided in part:

In computing any period of time prescribed or allowed by these rules, by the local rules of any district court, by order of court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run may not be included.  The last day of the period so computed must be included, unless it is a Saturday, a Sunday, or a legal holiday, in which event the period runs until the end of the next day which is not a Saturday, a Sunday, or a legal holiday.

See also
 
State v. Dimmler
, 456 N.W.2d 297, 298 (N.D. 1990) (all statutes are applied prospectively unless clearly expressed otherwise, and the statute in effect at the time of the cause of action applies).

[¶11] Section 1-02-15, N.D.C.C., also applies to the computation of time, providing:

The time in which any act provided by law is to be done is computed by excluding the first day and including the last, unless the last is a holiday, and then it also is excluded.  If a number of months is to be computed by counting the months from a particular day, the period ends on the same numerical day in the concluding month as the day of the month from which the computation is begun, unless there are not that many days in the concluding month, in which case the period ends on the last day of that month.

[¶12] Under N.D.R.Civ.P. 6(a) and N.D.C.C. § 1-02-15, the date of the event that triggered Langowski’s claims, August 21, 2004, is excluded in computing the beginning of the six-year statute of limitations.  Instead, the next day, August 22, 2004, begins the six-year statute of limitations countdown.  Six years into the future from August 22, 2004, counting every day, including intermediate Saturdays, Sundays, and legal holidays, is Saturday, August 21, 2010.  Because the expiration date of Langowski’s claims is a Saturday, the statute of limitations period “continues to run until the end of the next day that is not a Saturday, a Sunday, or a legal holiday.”  The next day “that is not a Saturday, a Sunday, or a legal holiday” is Monday, August 23, 2010.  That date is the last day when Langowski could have timely sued Altendorf under the six-year statute of limitations governing her claims.  
See
 
Long v. Jaszczak
, 2004 ND 194, ¶¶ 9-11, 688 N.W.2d 173.

[¶13] Langowski and Altendorf agree Langowski had until the end of August 23, 2010, to begin this action.  They disagree, however, whether Langowski’s mailing of the summons and complaint on August 23 or Altendorf’s receipt of the mailing on August 25 began this action.

[¶14] The district court concluded Langowski did not begin the action when she placed the summons and complaint in the mail on August 23; rather, the action began when Altendorf signed for and received both documents on August 25, two days after the statute of limitations had expired.  In reaching its conclusion, the district court interpreted N.D.R.Civ.P. 4(d)(2)(A), which provides:

Service must be made on an individual 14 or more years of age by:

(i) delivering a copy of the summons to the individual personally; 

(ii) leaving a copy of the summons at the individual’s dwelling or usual place of residence in the presence of a person of suitable age and discretion who resides there; 

(iii)  delivering, at the office of the process server, a copy of the summons to the individual’s spouse if the spouses reside together; 

(iv)  delivering a copy of the summons to the individual’s agent authorized by appointment or by law to receive service of process; or 

(v) 
any form of mail or third-party commercial delivery addressed to the individual to be served and requiring a signed receipt and resulting in delivery to that individual
.

(Emphasis added.)

[¶15] Relying on 
Sanderson v. Walsh County
, 2006 ND 83, ¶ 17, 712 N.W.2d 842, the district court’s analysis focused on subdivision (v), reasoning that even if a plaintiff mails a summons and complaint addressed to a defendant and requires a signed receipt but does not establish proof of actual delivery within the statute of limitations period, service of process is incomplete and jurisdiction over the individual to be served is not accomplished.  The district court concluded 
Sanderson
, at ¶ 17, emphasized the importance of a plaintiff’s mailing resulting in actual delivery to a defendant whenever the mailing of a summons and complaint is authorized by rule.  The district court’s analysis interpreted N.D.R.Civ.P. (6)(e)(2), governing the time of service for an item served by mail or third-party commercial carrier under N.D.R.Civ.P. 4, which provides:  “If service is made by mail or third-party commercial carrier under Rule 4, the prescribed period 
begins running upon delivery
.”  (Emphasis added.)  The district court concluded that its interpretation of N.D.R.Civ.P. 4(d)(2)(A) was consistent with the language of N.D.R.Civ.P. (6)(e)(2), and the court granted Altendorf summary judgment because Langowski did not “deliver” the summons and complaint to Altendorf within the six-year statute of limitations.

[¶16] Langowski argues the district court erred in concluding she did not begin the action within the statute of limitations period.  Relying on N.D.R.Civ.P. 4(d)(2)(A), she argues she placed the summons and complaint in the mail on August 23, 2010, addressed to Altendorf and requiring a signed receipt, which resulted in delivery to Altendorf on August 25, 2010.  
See
 
Code v. Gaunce
, 315 N.W.2d 304, 306 (N.D. 1982).  She argues N.D.R.Civ.P. 4(d)(2)(A)(v) states service must only result in delivery, not that delivery must occur before the expiration of the statute of limitations.  In support of her contention, Langowski argues the date of mailing should control because it is a fixed and known time.  She argues the date of receipt, however, may depend on whether a defendant is present in his or her place of residence or employment at the time of delivery.  She contends the date of delivery may be delayed “days, weeks, or even months” if defendants anticipate service and do not make themselves available to be served.  Langowski also argues her “date of mailing” argument is supported by N.D.C.C. § 28-01-38(1), which provides:

An action is commenced as to each defendant when the summons is served on that defendant . . . . An attempt to commence an action is equivalent to the commencement thereof within the meaning of this chapter when the summons, with the intent that it shall be actually served, is delivered:

1. To the sheriff or other officer of the county in which the defendants or one of them usually or last resided[.]

. . . .

Such an attempt must be followed within sixty days by the first publication of the summons or the service thereof.

Langowski reasons the delivery of the summons to the sheriff tolls the running of the statute of limitations even though service is not complete until it is delivered to a defendant, even when delivery occurs after the statute of limitations period.  
See
 
American Family Ins.
, 2012 ND 13, ¶¶ 26-27, 809 N.W.2d 337; 
Elliot v. Drayton Pub. Sch. Dist. No. 19
, 406 N.W.2d 655, 657, 659 (N.D. 1987).  Langowski compares N.D.C.C. § 28-01-38 to N.D.R.Civ.P. 4(d)(2)(A), arguing that because neither states an exact time by which service must occur, we should treat N.D.R.Civ.P. 4(d)(2)(A) as we treated N.D.C.C. § 28-01-38 in 
Long
.  Langowski, however, overlooks the language in N.D.C.C. § 28-01-38, requiring a sheriff to serve a defendant within sixty days of receiving a summons from a plaintiff.

[¶17] Altendorf responds 
Long
 is distinguishable from this case.  She argues the delivery of a summons and complaint to a sheriff, which tolls the statute of limitations, is not the equivalent of placing a summons and complaint in the mail.  She argues Langowski’s delivery of her summons and complaint to Altendorf is specifically governed by N.D.R.Civ.P. 4(d)(2)(A)(v), which requires a plaintiff suing a defendant fourteen years of age or older to address the mailing of a summons to that defendant, requiring a signed receipt, that results in delivery to that defendant.

[¶18] Altendorf argues service is effective only upon delivery of the summons and complaint to a defendant.  Altendorf reasons that if service is deemed “delivered” when placed in the mail, a defendant may not receive the summons and complaint until many days or weeks after the date the plaintiff placed both documents in the mail, compromising a defendant’s time to provide an answer.  Altendorf also relies on 
Comstock Construction, Inc. v. Sheyenne Disposal, Inc.
, 2002 ND 141, 651 N.W.2d 656, arguing delivery is not complete until a defendant signs for the summons and complaint, and arguing the delivery must be effectuated prior to the expiration of the statute of limitations.  Altendorf argues, by dictionary definitions, service and delivery are the same.  She reasons that because N.D.R.Civ.P. 4(d)(2)(A)(v) requires a summons and complaint to “result in delivery,” service is not effectuated until it is actually delivered and signed for by a defendant.

[¶19] Altendorf also relies on the district court’s analysis of 
Sanderson
, 2006 ND 83, 712 N.W.2d 842, in which the plaintiff attempted to serve Walsh County and the State of North Dakota by mailing a summons and complaint to both.  
Id.
 at ¶ 15.

[¶20] In 
Sanderson
, at ¶ 15, we held N.D.R.Civ.P. 4(d)(2)(E) and(F), governing service on a municipal or public corporation and the state and its agencies, do not permit the mailing of a summons and complaint, but rather both require “‘delivering’ a copy of the summons to the officials designated in the relevant subsections of Rule 4.”  Rule 4(d)(2)(A)(v), N.D.R.Civ.P., however, governing the method by which Langowski served Altendorf, a person older than fourteen years of age, permits service of a summons and complaint by mail or third-party commercial carrier.  The textual distinction between “mailing” and personally “delivering” in 
Sanderson
, therefore, results in a recognition of two separate ways by which delivery of a summons may occur.  
See
 
American Family Ins.
, 2012 ND 13, ¶ 14, 809 N.W.2d 337 (quoting 
Dundee Mut. Ins. Co. v. Balvitsch
, 540 N.W.2d 609, 612 (N.D. 1995) (“Statutes must be considered as a whole and in relation to other provisions, with each provision harmonized, if possible, to avoid conflicts.”)).

[¶21] We conclude service under N.D.R.Civ.P. 4(d)(2)(A)(v) is complete at the time of actual delivery and not when a summons is placed in the mail.  We find persuasive the explanatory note to N.D.R.Civ.P. 6, which states:  “
The time of service for an item served by mail or third-party commercial carrier under Rule 4 is the time the item is delivered to or refused by the recipient.
”  N.D.R.Civ.P. 6, Explanatory Note (emphasis added).  It is commonly understood that a defendant or recipient of a summons cannot “refuse” delivery at the time of mailing; rather, refusal may occur only at the time of delivery.  “[T]he time the item is delivered to or refused by the recipient” supports an interpretation that service is not complete until the actual delivery or attempted delivery of a summons to a defendant.  The explanatory note to N.D.R.Civ.P. 4 also makes clear a recipient’s refusal to accept delivery of a summons nonetheless constitutes delivery under N.D.R.Civ.P. 4(d)(2) and (4)(d)(3)(C), and states, “[I]f the mail or delivery is unclaimed, no service is made.”  If no service is made when a summons is unclaimed after an attempted delivery, it is clear the act of mailing the summons is not the time of service under N.D.R.Civ.P. 4(d)(2)(A)(v).  Furthermore, the explanatory note to N.D.R.Civ.P. 6 does not include language declaring that “mailing” is the time of service, even though the civil rules expressly authorize service “by mail or third-party commercial carrier.”  Construing the rules together, “with each provision harmonized, if possible, to avoid conflicts,” 
see
 
American Family Ins.
, 2012 ND 13, ¶ 14, 809 N.W.2d 337 (quoting 
Dundee Mut. Ins. Co. v. Balvitsch
, 540 N.W.2d 609, 612 (N.D. 1995)), we conclude the time of mailing of a summons and complaint under N.D.R.Civ.P. 4(d)(2)(A)(v) is distinguishable from its time of delivery, and service under N.D.R.Civ.P. 4(d)(2)(A)(v) is complete at the time of actual delivery or refusal of that delivery and not at the time of mailing.

[¶22] After reviewing the record in the light most favorable to the party opposing summary judgment, under N.D.R.Civ.P. 4(d)(2)(A)(v) we conclude Langowski did not serve Altendorf within the six-year statute of limitations, because she did not “deliver” the summons and complaint to her on or before August 23, 2010.

[¶23] Finally, we recognize Altendorf first discovered the summons and complaint affixed to her door on August 23, 2010, the statute of limitations expiration date.  Service in this manner, however, is inadequate because it does not comply with the requirements for service upon a person older than fourteen under N.D.R.Civ.P. 4(d)(2)(A).  “A party must strictly comply with the specific requirements for service of process.”  
Sanderson
, 2006 ND 83, ¶ 13, 712 N.W.2d 842.  “Valid service of process, as directed by N.D.R.Civ.P. 4, is necessary for a court to acquire personal jurisdiction over a defendant.”  
Id.
  “Absent valid service of process, even actual knowledge of the existence of a lawsuit is insufficient to effectuate personal jurisdiction over a defendant.”  
Id.

 

III

[¶24] We affirm.

[¶25] Dale V. Sandstrom

Daniel J. Crothers

Mary Muehlen Maring

Carol Ronning Kapsner

Gerald W. VandeWalle, C.J.